

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

*Reconsidered in*
*R-1141 B-7?*

Honorable Alex Jung
County Attorney
Gillespie County
Fredericksburg, Texas

Dear Sir:

Opinion No. O-4228
Re: Are all of the mentioned
county and city officers
disqualified from acting
as Notaries public and
charging the statutory fees
therefor, and related ques-
tions?

Your letter of November 22, 1941, requesting an
opinion of this department on the questions stated therein
reads as follows:

"It has been the practice in the many
years past for numerous County Officials to ob-
tain Commissions as Notaries Public and to take
affidavits and acknowledgements as such, as well
as to charge therefor. Among such officers so
engaging in such practice are: County Clerk;
County Treasurer; Deputy Assessor & Collector;
etc. It is a known fact that practically all
lawyers have commissions as Notaries Public, and
similarly, this practice has been indulged in
on the part of every County Attorney who served
Gillespie County within my knowledge. Any
thought that the office of Notary Public as one
of profit which would be incompatible with the
holding of any one of the other named offices
never entered my mind heretofore; however, the
question was raised by a Kerrville citizen the
other day relative to taking of an acknowledge-
ment by our County Clerk as such Notary Public
to a deed, hence the importance. The matter
has therefore become important to each such of-
ficer, as well as to myself, as County Attorney,

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable Alex Jung, Page 2

and the City Attorney, so acting as such Notary Public.

"The party so calling my attention to this incompatibility was a deputy from the County Clerk's office at Kerrville, my friend, Mr. Hartmann. He stated that a Kerrville lawyer, whose name he mentioned but which I do not recall, raised the question in passing upon a title, and that as a consequence, the County Attorney of Kerr County wrote for an opinion from the Attorney General, who held that the County Clerk was disqualified from acting as Notary Public and charging therefor as such. If such an opinion was rendered, please mail me a copy. I am inclined to the view that there is some merit to this contention. I investigated the matter relative to my continuing to hold the office of County Trustee following my election as County Attorney and resigned as such trustee prior to qualifying as County Attorney because of the results of my then investigation and my conclusion that the office of County Trustee was one of profit. I had earned some $10. or $12. during the year, representing $3.00 per meeting.

"I consider the matter of holding but one office of profit a settled one; however, I am in doubt as to the question of whether or not the earnings out of taking of affidavits and acknowledgements may be considered sufficiently substantial to hold the office of Notary Public to be one of profit. I made a fair search of the authorities relative to the office of County Trustee, recall that it was held that one might serve as Trustee of an Independent School District (where no salary or per diem was paid or allowed by law) at time of holding another office of profit, but I do not recall any authorities discussing the question of the meagre earnings as Notary Public.

"QUESTIONS

"Are all of such herein mentioned County and City Officers disqualified from acting as

Honorable Alex Jung, Page 3

> Notaries Public and charging the statutory fees
> therefor? If not, which of them are so disqual-
> ified, if any"
>
> "Is the County Attorney disqualified from
> taking acknowledgements and affidavits as a
> Notary Public in the practice of civil law where
> he makes no charge therefor?
>
> "Is the City Attorney disqualified from
> taking acknowledgements and affidavits as a
> Notary Public in the practice of civil law where
> he makes no charge therefor?"

It is stated in Texas Jurisprudence, Volume 31,
page 345, "under the constitutional inhibition against the
holding of two incompatible offices by one person, a
notary is disqualified upon accepting the office of county
clerk, although it has been held that a county attorney may
be a notary also."

On April 27, 1931, this department held, in an
opinion by Honorable Everett F. Johnson, Assistant Attorney
General, that the office of county clerk is incompatible with
the office of notary public and that a person holding the
office of county clerk could not at the same time hold the
office of a notary public. (See the case of Biencourt v.
Parker, 27 Tex. 558.)

This department held in Opinion No. O-814 ". . .
it is the opinion of this department that the offices of
deputy county clerk and notary public are incompatible.
Therefore, one could not serve as deputy county clerk and
notary public at the same time." We are enclosing a copy
of this opinion for your information.

On February 12, 1938, this department held in
an opinion written by Honorable Joe F. Alsup, Assistant
Attorney General, that "It is the further opinion of the
writer that the office of notary public and tax assessor
and collector are not incompatible."

> "You are therefore advised that it is optional
> with the deputies of the collector and assessor to charge
> or not to charge for notorizing registration instruments
> providing at the time they do so they are acting as notaries
> and not as collectors."

In Opinion No. O-33 this department held ". . .

Honorable Alex Jung, Page 4

you are respectfully advised that it is the opinion of
this department that the Tax Assessor-Collector and his
deputies are not prohibited by law from holding the of-
fice of Notary Public while holding their offices of Tax
Assessor-Collector or as deputies of such office. We
are enclosing copies of the two above-mentioned opinions.

We quote from the case of Figures, et al v. State,
99 S. W. 412, as follows:

"Appellants complain of the action of the
court in admitting in evidence the copy of the
delinquent tax record, because the printers' af-
fidavit was not made before an officer who was
authorized to administer oaths in the capacity
in which he attempted to act, that of notary
public, said officer being the county attorney
of said county. The contention is that the coun-
ty attorney, under the law, could not hold two
offices, that of county attorney and notary pub-
lic, at the same time, and his attempted act as
notary public of taking the oath of the printer
was of no force or effect. We are of the opin-
ion that this contention is not sound. Section
40, art. 16, of the Constitution, provides: 'No
person shall hold or exercise at the same time
more than one civil office of emolument, except
that of justice of the peace, county commissioner,
notary public and postmaster, unless otherwise
specially provided.' This provision does not
prohibit a county attorney from holding at the
same time the office of notary public, therefore
the affidavit was legally administered. Gaal v.
Townsend, 77 Tex. 464, 14 S. W. 365."

We quote from the case of Gaal v. Townsend, et al,
supra, (Supreme Court of Texas) as follows:

". . . In view of the fact that the dis-
position of the case in the court below and in
this court does not preclude the appellant from
bringing another suit, we deem it proper to ex-
press an opinion upon another question discussed
in the brief. Whether appellant vacated his of-
fice or not by accepting the office of mayor

of Ysleta depends upon the proper construction
of section 40 of article 16 of the present con-
stitution.  That section is as follows: 'No per-
son shall hold or exercise at the same time more
than one civil office of emolument, except the
justice of the peace, county commissioner, notary
public, and post master, unless otherwise spe-
cially provided.'  Does this mean that an in-
cumbent can hold either of the offices named,
and at the same time any other office, or that
he can only hold two offices when both are among
those specially designated? We think the former
is the proper construction.  The language is
copied mainly from section 26 of article 7 of
the constitutions of 1845, of 1861, and of 1866,
which is the same in each of those instruments,
and reads as follows: 'No person shall hold or
exercise at the same time more than one civil
office of emolument, except that of justice of
the peace.'  It is clear that under this sec-
tion any justice of the peace might hold another
office.  Powell v. Wilson, 16 Tex. 59. The of-
fice of justice of the peace was made an ex-
ception to the general rule, and the inference
from the use of the same language in the pres-
ent constitution, with the mere addition of
other offices, is strong that it was not meant
in any manner to change the general rule, but
merely to make additional exceptions.  The other
construction would materially modify the general
effect of the provision.  It would prevent even
a justice of the peace from holding any other
office except one of those specially named, and
would be a radical departure from the provisions
of all previous constitutions on the same sub-
ject. Const. 1869, art 5, § 30. If the language
of the provision in question had been 'except
those of justice of peace,' etc., there may have
been more doubt about the construction; but the
words are 'except that,' etc., and they indicate
that it was intended that a person might law-
fully hold any office, and in addition thereto
either of the offices enumerated.  The use of
the word 'those' would have suggested the con-
struction that an  incumbent could only lawfully
hold two offices at the same time, when both
were offices specially named in the section.

130

If the allegations of the petition are true, we are clearly of the opinion that the appellant did not vacate his office of county commissioner by accepting that of mayor. Such we understand to have been the ruling of the court below. But, because the appellant did not make all the members of the commissioners' court parties to his suit, the judgment is affirmed."

In view of the foregoing authorities you are respectfully advised that it is the opinion of this department that the office of county clerk and/or deputy county clerk are incompatible with the office of notary public and that a person holding the office of county clerk and/or deputy county clerk cannot at the same time hold the office of notary public.

You are further advised that the tax assessor-collector and his deputies are not prohibited by law from holding the office of notary public while holding their offices of tax assessor-collector or as deputies of such office.

It is our further opinion that the office of notary public and county treasury are not incompatible and that the county treasurer is not prohibited by law from holding the office of notary public while holding the office of county treasurer.

You are further advised that the county attorney and the city attorney are not prohibited by law from holding the office notary public while holding their offices of county attorney and city attorney. The office of notary public and county attorney and/or city attorney are not incompatible. All of the above mentioned officials who are duly qualified notaries public may legally charge the fees provided by law for their services as such when acting in the capacity of a notary public.

Trusting that the foregoing fully answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _Ardell Williams_
Ardell Williams
Assistant

APPROVED DEC 5, 1941

ATTORNEY GENERAL

AW:LW
ENCLOSURES

APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN